First case on the docket this morning is 513-0144 Miller v. Illinois State Police. May it please the court, counsel, Timmy Thieme, Applied Assistant Attorney General, on behalf of the Illinois State Police. We are asking this court to vacate the circuit court order here as void for lack of subject matter jurisdiction. The circuit court ordered the state police to issue a firearm owner's identification card, a FOIA card, to Mr. Miller. The department had previously revoked Mr. Miller's FOIA card based on his indictment for a felony and the resulting federal prohibition on possession of a weapon or ammunition under Section 922N of the Federal Gun Control Act, which is made applicable to the FOIA card by Section 8N of the FOIA Card Act. Now, the department's notice to Mr. Miller, which states the basis for the department's revocation, is in our appendix to our brief at page A12, and you can see the bases that are stated there. I'm confused about your subject matter jurisdiction claim in light of Schlosser v. State. How do you distinguish that? Well, Schlosser, we read that as supporting our claim. Basically, Schlosser says that it is the stated basis, the basis stated by the department for the revocation, which determines under Section 10A of the FOIA Act whether the department's director will have jurisdiction over a request for reinstatement or whether the circuit court will have jurisdiction. But the statute's pretty clear that as long as you have a domestic battery, you can go to the court. You don't have to go to the director. The statute says, well, Mr. Miller's argument is that the statute doesn't require a conviction. The statute only says domestic battery. But, in fact, every court that has passed on that statute has interpreted it as requiring a conviction, and those are the Schlosser case itself, which speaks of a conviction of, in that case, it was a forcible felony, but it's also one of the stated bases under 10A. A conviction of a forcible felony gives the circuit court jurisdiction, not an indictment, a conviction. And in the Williams v. Tazewell County case, our argument here is on our reply brief on page 1 to 3. Again, in Williams v. Tazewell County, they spoke about a conviction of one of the bases giving the circuit court jurisdiction. But the whole thing that we're focusing on, as far as Schlosser goes, is Schlosser's determination, that is, what the department says in their notice, not whether that basis is factually or legally correct. So you're saying you can manipulate the statute by putting something different in the notice? Well, whatever the department states at the time as their basis for revocation, yes, I guess you could say manipulates it, but at the time the department issued, to the department's knowledge at the time that it issued the notice, all the information they had at that time was that Mr. Miller had been indicted. They did not know that he had pled. They did not know that he had been convicted at that time. So they issued a notice saying, you've been indicted, your card is revoked. Because their stated basis was the federal prohibition, that is not one of the bases that gives the circuit court jurisdiction under Section 10A. Now, as it turns out, as Mr. Miller argued, at the time that the department issued his notice, in fact, Mr. Miller had already pled. So Mr. Miller argues that, well, that basis wasn't correct. All he would have to do is go in to the department and show that I've no longer been indicted. My indictment is over. So that basis isn't correct. But the Schlosser case says, in the Schlosser case, the issue was, is it a forcible felony or not? It was, I think, a decent solicitation of the child. The majority said, yeah, per se, legally, it's a forcible felony. The minority, one justice said, well, there was no actual force in this case. So as a matter of fact, it was not a forcible felony. But there the state had argued, well, if it's not a forcible felony, then the circuit court didn't have jurisdiction. And if it is a forcible felony, then affirm the circuit court's decision. So because the circuit court upheld the revocation of the FOIA card. But what the appellate court says, no, that's a heads, I win, tails, you lose. It's not whether the department's basis was correct legally. It's what they said. If they said we're indicting you or revoking your card for a forcible felony, regardless of whether we, the appellate court, ultimately decide it's a forcible felony, it's not like, you know, your jurisdiction gets changed based on what we said. It's what the department said at the time, whether it was legally or factually correct. That stated basis determines who has jurisdiction. So you think overcharging would be a good idea? Well, if you are done in a lot of places, that's true. If you're talking about the indictment itself, the indictment itself, and that's what the police state police revoke on, then it would go to the to the to the director when you come up and ask for your card back. But if the state police say, oh, we now know you've in fact been convicted, or when we're revoking your card based on a conviction, that would go to a certain point. But the letter they wrote him revoking his void card was not based on the conviction. Illinois State Police wrote him a letter saying you've been charged with possession. Correct. And domestic battery. Correct. And based upon the charge, the Illinois State Police are saying you can't have an F.O.I.D. based on the battery. No, they're saying, look at page 812. I'm looking at it. Yeah, 812. They said the charges of possession under federal law 1922 M is a lawful for you to receive any firearm ammunition. 1922 M says if you've been indicted. Read the next sentence, though. Illinois state statutes authorize the revocation of the F.O.I.D. card. Yes, that's section 8N of the statute. What 8N does is says if you are unable to have a F.O.I.D. card based on either state or federal law, then you are revoking your F.O.I.D. card. So what 8N does is incorporates the federal section 922 M. Right, I'm aware of that. But this particular letter starts out by saying you have been charged with possession of controlled substance and domestic battery. So I'm thinking that your argument that you have to be convicted is contradicted by your own letter. No, our argument is not that you have to be convicted. Well, our argument is that you have the basis for the state's, for the state police's revocation if it is for a conviction. That's not what this says, so 812. Right, they're saying a charge is an indictment. If it's an indictment, then under federal, the only statute that says an indictment is the basis for forbidden possession is the Federal Gun Control Act. Right, and Schlosser looks to the plain language of the statute, which do you agree we would look to? Yes, you would look to the plain language of the statute as interpreted by Schlosser, and Schlosser does two things. It says, A, it is not whether the department's stated basis is correct. It's what they state their basis is. And here they state that their basis is the charge, and that the charge under federal law, an indictment, is why we are revoking your card. And Schlosser also says that for the circuit court to have jurisdiction, it has to be a conviction. Where is that in the statute? The statute doesn't specify indictment or conviction. The statute specifies a list of felonies that will give the circuit court jurisdiction. And then Schlosser itself and the Williams v. Tazewell County case both refer to those felonies that are stated in the statute as convictions of those felonies. Is that an appellate court case? I am sorry, sir. I forgot, is that an appellate or a Supreme Court case? I can't hear you. Is that an appellate court case? Schlosser is an appellate court case, 3rd District. Is that binding on our court? No. And Tazewell County is a... Sorry. Tazewell County is also a 3rd District. Now, Mr. Miller's second argument is that the department's earlier plea, this case has been up, this is the second time it's been up, and we earlier filed a motion and erroneously pled that the basis for the department's revocation was a conviction. I won't go through and link the argument in my brief here, but basically that was an error on our part, which we corrected on the second time we went back to the circuit court. And this court's own case, the 14 Osborne case, which is the 5th District, 2002, said you can't give the circuit court jurisdiction by waiver, estoppel, or, in this case, an erroneous plea. If there are no other questions, thank you. We ask that you vacate the decision, sir. Thank you. May it please the court, counsel, Alan Dowden, attorney for the appellee, Keith Miller. Good morning. First of all, on page 5 of my brief, I made a stupid mistake by saying the quorum case was about the First Amendment. Obviously, it's not about the First Amendment. Could you speak up a little bit? I'm recording it. I'm sorry. On page 5 of my brief, I made the mistake, which I noticed last night and I appreciated a dozen times before, that I mentioned the quorum case was about the First Amendment. Obviously, it's not about the First Amendment. It's the Second Amendment. This is really a very simple case. I think this has already been alluded to. The statute at issue here, which is 430 ILCS 65-10, gives the circuit court subject matter jurisdiction to review petitions filed by those who have lost their gun rights because of the domestic battery. At the time that Mr. Miller filed his petition, he had long ago been convicted of domestic battery. In fact, even before he had received a letter from the state police that he'd been charged with domestic battery and a felony drug charge, he had already pled guilty to those charges. So the letter was moved before it was even received or mailed out by the state police. So at the time he filed his petition, the only possible basis for revocation was the conviction for domestic battery. And I think it's important to note that throughout all the proceedings on the first appeal, the state police never denied that the conviction was the basis for the revocation. Not one single time. In fact, they admitted that it was the basis for the revocation in their plea. And that's a judicial admission. Their only argument then was that federal law prohibited Miller from having a FOIA card because of the domestic battery conviction, which is an argument that is no longer valid because of the Illinois Supreme Court's recent ruling in the Quorum case. And in the Quorum case, don't we have almost the identical facts here? Very similar, yes. But in the Quorum case, the court allowed a hearing to see if the petitioner for the gun, one FOIA card, would meet certain criteria, that he was not likely to commit a domestic battery again. Was a hearing like that ever held in this case? There wasn't a hearing. It was set for a hearing, but there was no hearing because there was no objection by the state's attorney, nor did the judge pose any questions concerning the petition. So it was just routinely granted. But, yes, a hearing was set for a hearing, and a hearing was afforded to anybody who was interested and wanted to object. And the state's attorney was given notice? The state's attorney did not object, no. And the judge made all the requisite findings according to the statute and granted the petition. Now, after this first appeal was dismissed, the state police filed another motion, but nowhere in that motion did they assert that they were mistaken concerning the basis for the revocation. This only came up, this so-called mistake, in their reply brief where they said that in their first motion that was a mistake. That's a letter that was sent by the state police controls over what was said in the first motion. What they argued in their second motion was an alternative argument, that Miller couldn't have a FOIA card because federal law prohibited it. And then because the circuit court did not have subject matter jurisdiction. So it was not argued as a mistake. It was the arguments were in the alternative. Now they want to argue that the letter that was attached as an exhibit to the first motion should control over what they have in their pleading. However, contrary to what the state has indicated, it was not attached to their first motion as an exhibit. It was only attached to a memorandum of law in support of that motion. The first motion clearly stated that the basis for the revocation was the conviction for domestic battery and nothing else. Again, that appears to be a very clear judicial admission. There was no mistake and an exhibit doesn't control over the pleading when the pleading is not a product of a mistake. And as a practical matter, if the basis for the revocation was a pending felony, the state knew at the time that Miller filed his initial petition with the circuit court, that he'd already fled guilty. And in fact, he was placed on first offender probation. He had already successfully completed that probation. And the case was dismissed. There was no conviction entered on the felony. And at no point during the whole time that this case has been pending and started in the circuit court nearly three years, has the state ever said, you can have your card back because the whole basis that we wrote the letter is moved. He's not convicted of a felony. He's not longer charged with the felony. You can have your card back. But know that this all continues because the only possible reason that they could have revoked his card was because of the domestic battery. But whether that exhibit controls over the pleading, you don't have to decide that issue. In my mind, to decide this case, because, again, a very clear wording of the statute gives the circuit court jurisdiction here. Contrary to the state police's position that there must be a conviction for domestic battery for the circuit court to have jurisdiction, the statute clearly does not say that. The word conviction is not mentioned in the statute, nor, again, contrary to opposing counsel. Do any of the cases cited by the state police say there must be a conviction? Those cases that have been cited by opposing counsel only mention a conviction because, in fact, the person was convicted at the time. Those cases do not say that in order to invoke the statute, the person has to be convicted of domestic battery. So it really doesn't matter under the statute whether Miller was convicted of domestic battery or had just been charged, as the state police letter says. The circuit court would have jurisdiction either way. That's clear, again, from the very plain wording of the statute. In this instance, if Miller filed his petition for relief, the state's attorney was given notice, as he's required to by statute. He did not object. The circuit court made the requisite findings about Miller in order to state police issue him a FOIA card. So the statute here was precisely followed, and the circuit judge entered an appropriate order. Now, as a practical matter, the state police no longer have an argument that they made in both of their motions that federal law prohibits the circuit court from granting a FOIA card to someone convicted of domestic battery because quorum has put that issue to rest. So if you reverse the circuit court's order in ordering the state police to issue Miller a FOIA card, then it goes right back to the circuit court. And the only issue there would be whether Miller is the kind of person who qualifies to have his gun rights restored. And the circuit court has already decided that issue. It's been over two years since the circuit court ordered the state police to give Miller a FOIA card. He still hasn't got it. There's really nothing left to decide. What the state police is asking you to do is to find that Miller must file his petition with the state police based on the reasons stated in the letter, which was that there was an ending felony in a domestic battery. Those are no longer the situation. He does not have an ending felony. That felony has been long ago resolved by probation, successfully completed, and he does not have a conviction. So any appeal to the state police really leads to an absurd result and a useless act. Thank you. Thank you. Questions? No, no questions. Thank you very much. Your Honor, the circuit court has not decided the issue because if it doesn't have subject matter jurisdiction, anything it did is void admonition. And in regard to... What do you think about the Coram case? Do you think that that's resolved as an appeal? I do not, Your Honor. Why not? I still think under the Coram case, whatever the circuit court did, if it didn't have subject matter jurisdiction, it's a void act. It doesn't make any difference. And under Coram, the Section 10A, as far as where jurisdiction lies, hasn't been affected by the Coram decision. We still go either to the director or to the circuit court based on the stated basis in the department's revocation letter for the revocation. So... Does Coram even make reference to that? It wasn't an issue there. Right. It wasn't an issue there. And the Supreme Court has said that the federal basis is not to be used. Well, no. Actually, they said that the issue in Coram was whether a state decision by the circuit court to grant the FOIA card had the same effect as interpreting federal law, which requires a restoration of civil rights. And with the Coram, there wasn't even actually a majority on that issue, but plurality said basically the guy gets his card back. But the majority justice opinion said, we hold that if you give... If the circuit court says, yeah, you get your FOIA card back, that has the same effect as under federal law restoring your Second Amendment rights. And that was the basis. But the issue of where jurisdiction goes to the director or the circuit court wasn't an issue in that case. And so I don't think there's precedent for anything that applies here. The circuit court order, if it's void and lacks subject matter jurisdiction, frankly, all of the opposing counsel's arguments are out the window. It doesn't make any difference what the circuit court did. So... What about the fact that the state's attorney didn't show up? The state's attorney got notice and didn't show up. Yeah, the state's attorney... Did the state waive their right to come in and argue this? No, the state's attorney is a separate jurisdiction than the state police. The state's attorney is the county prosecutor. And under the statute, under the FOIA card statute, the Illinois State Police are not a party to the circuit court... Did they get notice? No. Under the statute, the state police are out of the picture as far as the circuit court actions. They only get notice when the order comes down, issued, issued according to the issued card. They're not a party to the circuit court. And so I question standing. What gives the state police standing if the statute doesn't even refer to them having to receive notice? Because they were ordered to issue the card and they filed a motion to vacate the order based on the fact that the court has subject managers, life subject managers. Because they ordered, there's a whole line of cases about when you're ordered. They mostly... I understand. We did this type of case. They're mostly secretary of state cases dealing with driver's licenses. Once you're ordered, the state is ordered, the state agency is ordered to do something, if the order is void, then they have standing. As any party does, that's given an order if the order is void. The assumption being that the order is void. Yeah, for lack of subject managerial jurisdiction. That is, frankly, our only argument on appeal here. And the question is, well, there's, I think, Mr. Miller's argument about interpreting Section 10A as to whether it requires a conviction or an indictment would do it. We would say that based on the two cases that we've cited and the fact that the only statutory language in either the federal or the state law that specifically says an indictment can be a basis for replication is the federal record for that. The state doesn't really say, you know, if it's an indictment, you can go to the circuit court. And then, of course, we can raise subject matter jurisdiction at any time. And even if we didn't raise it, this court has a duty to examine whether the circuit court has subject matter jurisdiction. So our argument, basically, it all comes down to page 812 in our appendix. What the basis stated in the state police's replication letter was determines whether there was subject matter jurisdiction. Thank you, Your Honor. In case we would take that advice, we'd be interested.